(12 Misc. Rep. 521.)

### HARDING et al. v. ELLIOTT et al.

(Supreme Court, Special Term, New York County. May, 1895.)

1. ATTACHMENT—LEVY—CHOSES IN ACTION.
   Under Code Civ. Proc. § 649, subd. 3, providing that property consisting of a demand in favor of the attachment defendant may be levied on by leaving a notice with the person against whom it exists, there can be no levy on a demand transferred by the debtor before the service of the warrant, though the transfer was made with intent to defraud creditors.

2. FRAUDULENT CONVEYANCES—TRANSFER BY NONRESIDENT.
   A transfer by a solvent nonresident of property in New York for the purpose of compelling his creditor, who is also a nonresident of New York, to enforce his claim in the state of the debtor's domicile, is not within the statute prohibiting the assignment of claims with the intention of hindering, delaying, or defrauding creditors.

Action by Herbert L. Harding and others against John M. Elliott and others. Complaint dismissed.

Kidder & Melcher, for plaintiffs.
David Murray, for defendant Elliott.
George Q. Collins, for defendants Kountze Bros.

INGRAHAM, J. It seems to me that the plaintiff misconceives the scope of this action. The action is not by a judgment creditor to set aside a transfer made by the defendant Severance to the defendant Elliott in fraud of creditors. The plaintiff has no judgment against the defendant Annie C. Severance, nor has the court any jurisdiction over her, as she has not been served with process within the state. The action is brought under section 655 of the Code, and is to recover certain specified property, which plaintiff alleges is subject to the lien of the attachment served in the action brought by Harding against Mrs. Severance. Mrs. Severance is a resident of California, and the action in which the attachment was issued was commenced by the plaintiff against her, and a warrant of attachment obtained which was served upon the defendants Kountze Bros. The summons in that action was served by publication, the defendant not appearing; and the court in that action could grant no personal judgment against Mrs. Severance, its jurisdiction being limited to property of Mrs. Severance in this state, upon which a lien had been obtained under the attachment. The sole question in this case is whether or not, when the second attachment was served upon Kountze Bros., they were indebted to Mrs. Severance in any sum. If they were, plaintiff, by the service of the attachment, obtained a lien upon the amount due Mrs. Severance. If they were not, no lien was obtained upon anything, and the consequence follows that the judgment obtained in that action was without force. The plaintiff obtained the first attachment against Mrs. Severance in the original action, which attachment was served upon Kountze Bros. I assume that at that time Kountze Bros. had property in their hands belonging to Mrs. Severance, and that by that first attachment a lien was obtained upon the debt due from Kountze Bros. to Mrs. Severance. Subsequent to the granting of

that attachment, Mrs. Severance attempted to transfer the fund in the hands of Kountze Bros. to the defendant Elliott. Both Mrs. Severance and Elliott resided in California, and on July 12th a paper was executed by Mrs. Severance as follows:

"To Kountze Bros., New York: Transfer to J. M. Elliott, of Los Angeles, California, fifteen thousand ($15,000) dollars, being the amount on deposit with your bank to the credit of Bank of America, of Los Angeles, California, for the use of Mrs. Annie C. Severance. The undersigned, Annie C. Severance, hereby assigns and transfers said money, for valuable consideration, to said J. M. Elliott."

And notice of this instrument was sent to Kountze Bros., in New York, and it was accepted without objection by them. Subsequently, and on the same day, Mrs. Severance executed another paper, dated at Los Angeles, Cal., directed to Bank of America, as follows:

"Please transfer to J. M. Elliott the sum of fifteen thousand dollars whenever the attachment therein shall have been released, and all interest therein held by me is hereby transferred to the said J. M. Elliott."

This instrument was delivered to the Bank of America, and held by it. On July 21st an order was entered vacating the first attachment obtained by the plaintiff under which the interest or property of Mrs. Severance in the hands of Kountze Bros., or any indebtedness of Kountze Bros. to her, has been seized. Immediately after the vacating of that attachment, the plaintiff in that action obtained the second attachment, which on the same day was served upon the firm of Kountze Bros. In the meantime the instrument before referred to had been executed and delivered, and it is claimed now that, at the time the second attachment was obtained and served, Mrs. Severance had no property in the hands of Kountze Bros. ; that Kountze Bros. were not her debtors, but had become the debtors of Elliott; and that plaintiff obtained no lien upon any property by the service of the second attachment. I do not consider the intent with which this transfer was made to Elliott as at all material. It is well settled that an executed transfer of property passes the title, even if made with intent to hinder, delay, and defraud creditors; and the transferee has a good title until the same is impeached by a creditor in an action brought for that purpose. See Gibson v. Bank, 98 N. Y. 97. Thus, on the acceptance of the notice to Kountze Bros. of the assignment from Mrs. Severance to Elliott, and without objection by them, Elliott became their debtor; and it is clear that they were authorized, under that transfer, to pay the money to Elliott, and Mrs. Severance would have had no cause of action against them. That transfer was subject to the lien of the first attachment that had been granted against Mrs. Severance, and Kountze Bros. were entitled to hold that money to protect themselves as against that attachment; but, upon that attachment having been vacated, the right to the possession of the money became vested in Elliott, as between himself and Mrs. Severance and Kountze Bros., and Elliott could have maintained an action against Kountze Bros. to recover it. There can be no doubt of the intention of Mrs. Severance to transfer the money on deposit with

Kountze Bros. to Elliott.   And, even assuming that that transfer was voluntary and without consideration, it was still good, as between the parties, and divested Mrs. Severance of any title to the money so deposited.   By section 641 of the Code, the warrant directs the sheriff to attach, and safely keep, so much of the property within his county which the defendant has, or which he may have at any time before final judgment in the action, as will satisfy the plaintiff's demands.   The Code then provides for the levying of the attachment.   And by subdivision 3 of section 649 a levy is to be made upon personal property not capable of manual delivery by leaving a certified copy of the warrant, and a notice showing the property, with the person holding the same, or, if it consists of a demand, with the person against whom it exists.   Before there can be a levy under this subdivision, there must be a demand in favor of the defendant in the attachment suit against a person who is served with a copy of the warrant of attachment; and if, before such service, the defendant in the attachment suit has transferred the demand existing in favor of a person in this state to another, by a transfer valid between the parties, it seems to me clear that there can be no levy of the attachment under this section of the Code. Subdivision 2 of section 655 of the Code, under which this action is brought, provides that the sheriff is authorized, in aid of such attachment, to maintain an action against the attachment debtor, or any other person or persons, to compel the discovery of any thing in action or other property belonging to the attachment debtor. The section also provides that the sheriff may maintain any other action against the attachment debtor, and any other person or persons, which may now be maintained by a judgment creditor in a court of equity, either before the return of execution in aid thereof, or after the return of an execution unsatisfied.   Under this provision, it would appear as if a creditor's bill could be maintained by the sheriff to set aside a transfer made in fraud of creditors, but to maintain such an action it would be necessary to allege and prove the facts necessary to sustain such creditor's action.   It must be based upon a judgment against the person making the fraudulent transfer.   It must appear that the defendant is insolvent, or that the transfer was made in contemplation of insolvency.   In this case the plaintiff has no judgment against the defendant, and the undisputed evidence is that Mrs. Severance is worth upwards of $250,-000.   It is alleged that she transferred this claim with the intention of defeating this plaintiff's right to levy upon this fund upon obtaining a new attachment in this state, so as to compel the plaintiff to enforce his claim in the state of California, where defendant resides; and I think the evidence would fairly justify a finding that that was the intent with which this transfer was made.   But I know of no authority that holds that an attempt by a person against whom a claim is made to compel the enforcement of that claim in the courts of her own domicile, rather than that of a foreign state, is fraudulent and void.   Plaintiff is not a resident of this state, and comes here to enforce his claim against a resident of California. The principal question is whether this claim should be enforced in

New York, or in California; and I do not think that a transfer by this defendant of property in this state for the purpose of compelling a creditor not a resident of this state to enforce his claim in California is within the statutes preventing an assignment of claims with the intention of hindering, delaying, and defrauding creditors. I think, therefore, there should be judgment dismissing the complaint, with costs.